The Honorable Tom Wynne Prosecuting Attorney P.O. Box 231 Fordyce, AR 71742
Dear Mr. Wynne:
In August, 1989, Deputy Prosecuting Attorney David Talley, Jr. requested an opinion of this office regarding the release of college law enforcement agency investigation records for public inspection and copying under the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. 25-19-101 et seq. At that time, preliminary research indicated that the federal Family Educational Rights and Privacy Act ("FERPA"), codified at20 U.S.C. § 1232g, would preempt the state FOIA to the extent that state law permits release of certain law enforcement files.
I requested an opinion of the U.S. Department of Education ("DOE"), a copy of which I provided to you and enclose again today.
To summarize the DOE's position, it is not permissible to release any campus law enforcement record in a form which personally identifies a student. Conversely, it is permissible to release campus law enforcement records in a form which does not identify a student. Further, a non-campus law enforcement agency may release copies of campus law enforcement agency records, but non-campus law enforcement agencies may not disclose student records obtained from other divisions of an educational institution without receiving prior permission. Please refer to the attached letter for a more detailed analysis.
Based on the DOE's interpretation of the FERPA, it is my opinion that the records of campus law enforcement agencies are exempt from public inspection and copying unless presented in a non-personally identifiable form.
SC/jel encl.
cc: The Hon. David Talley, Jr., Dpty. Pros. Mr. Fred Harrison, General Counsel, UoAS Ms. Ginger Crisp, Assoc. General Counsel, UoAS
 Mr. Steve Clark Attorney General State of Arkansas 200 Tower Building 4th Center Streets Little Rock, Arkansas 72201
Dear Mr. Clark:
This is in response to your letter dated September 26, 1989, in which you request guidance regarding the Family Educational Rights and Privacy Act (FERPA). In your letter, you state that under the Arkansas Freedom of Information Act the records of law enforcement agencies are subject to public inspection and copying upon closure of an investigation, and you ask two specific questions pertaining to the records of a law enforcement unit of an educational institution in that regard. Following are responses to your questions:
Question:
 ". . . are the records created and maintained by a campus law enforcement agency `education records' and therefore exempt from public inspection and copying?"
Response:
 As will be discussed more fully below, the records of a campus law enforcement unit may be segregated and treated so as to exempt them from the FERPA definition of "education records." However, as one of the conditions for exemption, personally identifiable information from the records may not be disclosed to any party other than law enforcement officials of the same jurisdiction. Any disclosure to any other party — or for public inspection and copying — would subject the records of the campus law enforcement unit to the protections of FERPA. In that case, the records would be "education records," and an institution which had a policy or practice of making information from the records available for public inspection and copying in personally identifiable form would be in violation of FERPA.
FERPA generally protects the rights of parents and students regarding the access to and disclosure of "education records."20 U.S.C. § 1232g. "Education records" are those records that "contain information directly related to a student" and "are maintained by an educational agency or institution." 20 U.S.C. § 1232g(a)(4). Excepted from this definition of "education records" are four categories of records, including records of campus law enforcement units when certain requirements are met.20 U.S.C. § 1232g(a)(4)(B). Specifically, FERPA states:
 The term "education records" does not include [if the personnel of a law enforcement unit do not have access to education records under FERPA's disclosure provisions], the records and documents of such law enforcement unit which (I) are kept apart from [education records], (II) are maintained solely for law enforcement purposes, and (III) are not made available to persons other than law enforcement officials of the same jurisdiction.
Similarly, the FERPA regulations, under 34 C.F.R. 99.3 "Education records," state:
 [Education records do] not include . . . records of a law enforcement unit of an educational agency or institution, but only if education records maintained by the agency or institution are not disclosed to the unit, and the law enforcement records are (i) maintained separately from education records; (ii) maintained solely for law enforcement purposes; and (iii) disclosed only to law enforcement officials of the same jurisdiction.
Based on these FERPA provisions, in order for records maintained by a campus law enforcement unit to remain excepted from the provisions of FERPA, education records maintained by an educational agency or institution (institution) cannot be disclosed to the law enforcement unit, and records maintained by the law enforcement unit cannot be disclosed to the institution. Further, a law enforcement unit must maintain only records for law enforcement purposes, and those records must be maintained separately from the education records of the educational institution. Any co-mingling of records between the two records systems, or any disclosure of the records to any party other than law enforcement officials of the same jurisdiction, will subject all of the law enforcement records to the requirements and limitations of FERPA's provisions. Thus, any disclosure for public inspection and copying in personally identifiable form by a campus law enforcement unit would result in the unit's records becoming "education records" subject to FERPA.
In instances where law enforcement records are also education records, personally identifiable information from the records could not be disclosed without the student's prior written consent unless one of several exceptions under which written consent is not required applies. 20 U.S.C. § 1232g(b). None of the exceptions would allow release for public inspection and copying.
Question:
 "If the answer to the above is `yes', [i.e., if the records are `education records' subject to FERPA], does the prohibition on the release to the public extend to other law enforcement agencies not affiliated with the institution which may receive copies of the records created by the campus law enforcement agency?"
Response:
 If the records of a campus law enforcement unit are treated and segregated so as to exclude them from the definition of "education records," the requirements and limitations of FERPA would not apply. In that case, law enforcement officials of the same jurisdiction who maintain records including information received from a campus law enforcement unit would not be constrained by FERPA from disclosing that information for public inspection and copying.
On the other hand, if the records of a campus law enforcement unit are also "education records," the records cannot generally be disclosed without prior written consent to any third party, including a non-campus law enforcement agency. FERPA does provide certain exceptions to the requirement for prior written consent, some of which may apply given the appropriate circumstances. See34 C.F.R. 99.31. Any such disclosure by a campus law enforcement unit, however, would be subject to the limitations on redisclosure set forth in 34 C.F.R. 99.33. Briefly, 34 C.F.R. 99.33 provides that an educational institution may disclose personally identifiable information from an education record only on the condition that the party to whom the information is disclosed will not disclose the information to any other party without prior written consent or unless one of the exceptions to prior written consent applies. None of these conditions for disclosure — and further disclosure — would allow a law enforcement agency to make information available for public inspection and copying in personally identifiable form.
In summary, and in more direct response to your questions, the requirements and limitations on the disclosure — and further disclosure — of personally identifiable information from the "education records" of students would prohibit the public release of such information by a law enforcement agency not affiliated with the institution. However, if the records of a law enforcement unit were segregated and treated so as to exclude them from the definition of "education records," the requirements and limitations that pertain to "education records" would not apply. In that case, law enforcement officials of the same jurisdiction that received information from a campus law enforcement unit would not be constrained from publicly releasing the information in personally identifiable form.
In either circumstance — whether the records are initially treated as "education records" or are segregated and treated so as to exempt them from the definition of "education records" — personally identifiable information from the records generally may not be disclosed to the public by a campus law enforcement unit.
Finally, FERPA would not, in either circumstance, preclude a campus law enforcement unit from publicly releasing information in non-personally identifiable form.
I trust the above information satisfactorily responds to your inquiry.
Sincerely
LeRoy S. Rooker Director Family Policy and Regulations Office